UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| EUGENE JEROME CUNNINGHAM, | ) | C/A No. 9:10-2105-CMC-BM |
| Petitioner, | ) ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| WARDEN, FCI-BENNETTSVILLE, | ) ) | |
| Respondent. | ) ) | |

The Petitioner, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] The Respondent filed a motion for summary judgment on October 29, 2010. As the Petitioner is proceeding *prose*, a *Roseboro* order was entered advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner filed a response in opposition on November 29, 2010, as well as his own motion for summary judgment on December 16, 2010. Respondent filed a memorandum in opposition on January 7, 2011, to which Petitioner filed a reply memorandum on January 21, 2011.

This matter is now before the Court for disposition.[2]

---

[1]This case was originally filed in the United States District Court for the District of Columbia, but was transferred to this District by Order filed July 20, 2010 [finding that Petitioner was challenging the calculation of his minimum sentence of imprisonment]. The Respondent concedes that since Petitioner is challenging the execution of his sentence, the petition is appropriately considered under § 2241.

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Both parties have filed motions for summary judgment. As these are



**Background**

Petitioner was sentenced in the United States District Court for the District of Columbia to a term of 5 to 15 years for Carnal Knowledge (in violation of DC ST § 22-2801), on February 20, 1973. *See* Respondent's Exhibit One, ¶ 4. On March 23, 1973, Petitioner was sentenced to 20 years to Life for Murder I (in violation of DC ST § 22-2401), and Armed Robbery (in violation of DC ST § 22-3202 & 2901), which amounted to a total aggregated term of 45 years to Life imprisonment, with a mandatory minimum of 40 years. *See* Respondent's Exhibit One, ¶ 5. Petitioner was also sentenced on June 15, 1973, by the United States District Court for the Eastern District of Virginia to a term of 1 year for Escape (in violation of 18 U.S.C. § 751(a)). *See* Respondent's Exhibit One, ¶ 6.

On February 15, 1974, Petitioner was sentenced by the United States District Court for the Eastern District of Virginia to a total term of 20 years for Escape (in violation of 18 U.S.C. § 751), Assault on a Correctional Officer (in violation of DC ST §22-5-5 & 18 U.S.C. § 2), Transportation of Stolen Motor Vehicles (in violation of 18 U.S.C. § 2312), Carrying a Firearm During the Commission of a Felony (in violation of 18 U.S.C. § 924(c)(2)), and Transportation of Stolen Firearms (in violation of 18 U.S.C. § 922(I) & § 924(a)). *See* Respondent's Exhibit One, ¶ 7. Petitioner was also sentenced by the United States District Court for the District of Columbia on March 19, 1974, to a term of 3 years for Assault and Interfering with a Federal Officer (in violation of 18 U.S.C. § 111). *See* Respondent's Exhibit One, ¶ 8.

On July 11, 1975, Petitioner was sentenced by the United States District Court for the Eastern District of Virginia to a term of 12 years for Assault on a Correctional Officer with a

---

dispositive motions, this Report and Recommendation is entered for review by the Court.



Dangerous Weapon (in violation of DC ST § 22-505(b)). *See* Respondent's Exhibit One, ¶ 9. Finally, Petitioner was also sentenced on October 8, 1975, by the District of Columbia Superior Court to a term of 6 months for Simple Assault. *See* Respondent's Exhibit One, ¶ 10.

Petitioner is currently incarcerated at the Federal Correctional Institution (FCI) in Bennettsville, South Carolina, serving an aggregated sentence of forty-five (45) years to Life, with a mandatory minimum of 40 years. *See* Respondent's Exhibit One, ¶ 11 & Attachment A. Respondent contends that he is currently eligible for parole on September 29, 2016. *Id*.

### DISCUSSION

Petitioner contends in his Petition that Congress has enacted a new District of Columbia First Degree Murder sentencing statute that effectively abolished an offender's eligibility for parole after the service of 30 years. Petitioner argues that this change of language in the statute entitles him to be placed on supervised release, rather than being simply eligible for parole, after the service of his current minimum sentence of 40 years, which he calculates to be on September 20, 2013.[3]

Because Petitioner's custodian is located within the District of South Carolina, this Court has jurisdiction over Petitioner and his petition for writ of habeas corpus filed pursuant to § 2241.[4] *See also*, Order filed July 20, 2010. However, Petitioner is required to exhaust his administrative remedies before filing a § 2241 petition for writ of habeas corpus. While the exhaustion requirement is not mandated by statute, it "has developed through decisional law in

---

[3] As previously noted, Respondent contends that Petitioner is not entitled to be released until September 29, 2016. *See* Respondent's Exhibit One, ¶ 11 & Attachment A.

[4] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 4(b).



applying principles of comity and federalism[.]" *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973)); *see also Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).  Exceptions to the exhaustion requirement apply only in "extraordinary circumstances", and the Petitioner must demonstrate the futility of administrative review.  *Fuller*, 11 F.3d at 62.

While Petitioner concedes that he has not exhausted the administrative remedies available through the BOP's  administrative remedies program, he contends that exhaustion of remedies is "inadequate and ineffective to resolve a provision of law as before the court that require(s) statutory interpretation."  *See* Memorandum in Opposition to Summary Judgment, p. 2.  However, the argument that Petitioner's claim does not require exhaustion of administrative remedies is without merit.  "To obtain federal habeas review of the execution of federal sentence, including the computation of sentence credit, a prisoner must first exhaust his administrative remedies through the BOP."  *United States v. Owens*, No. 03-20150, 2007 WL 2746939, at * 2 (W.D.Tenn. Sept. 18, 2007); *Floyd v. Warden*, No. 07-261, 2008 WL 650448, at * 4 (D.S.C. March 5, 2008)["A federal prisoner challenging sentence computation and application of credits must exhaust the administrative remedies afforded him by BOP before filing a § 2241 petition in the United States District Court"].  The BOP is perfectly capable of implementing sentencing requirements required by statute, and Petitioner's argument that  instead a court should review this matter in the first instance is therefore without merit.  *Cf. Cano v. Pettiford*, No. 06-1906, 2007 WL 2579971, at * 3 (D.S.C. Sept. 4, 2007)[Failure to exhaust may only be excused by a showing of both cause and prejudice]; *cf. Barnhardt v. Mitchell*, No. 09-1452, 2009 WL 2430662 at * 3 (D.S.C. Aug. 6, 2009); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 761-762 (3d Cir. 1996).



Based on the foregoing, it is recommended that the petition be dismissed, without prejudice, for failure to exhaust administrative remedies.

Petitioner is referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 19, 2011
Charleston, South Carolina

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

