IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Eugene Jerome Cunningham, | ) | C/A NO. 9:10-2105-CMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Warden, F.C.I.-Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On April 19, 2011, the Magistrate Judge issued a Report recommending that Defendant's motion for summary judgment be granted and this matter be dismissed without prejudice for Petitioner's failure to exhaust administrative remedies. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on May 2, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to the objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusion of the Magistrate Judge that this matter should be dismissed.

Petitioner indicates that there are a number of reasons he should be excused from exhaustion of administrative remedies. *See generally* Objections (Dkt. #27, filed May 2, 2011). Petitioner argues that BOP lacks to ability or legal authority to resolve the issue presented by this petition; that BOP has "predetermine[d]" the outcome of the issue (making exhaustion futile); and that because he is challenging the "constitutional invalidity of the statute under which he has been prosecuted," Obj. at 4, he should be relieved from having to exhaust his administrative remedies.

None of these arguments is persuasive. Petitioner essentially argues he should receive the benefit of a law passed after he was convicted and sentenced. To the extent Petitioner's claim does not challenge the validity of Petitioner's underlying sentence,[1] the application of a particular law to the execution of a defendant's criminal sentence is the type of issue which the BOP is uniquely qualified to ascertain in the first instance. In other words, Petitioner's failure to exhaust his administrative remedies is fatal to the outcome of this petition. *See McClung v. Shearin*, 90 Fed. App'x 444 (4th Cir. 2004) (Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions).

---

[1] A challenge to Petitioner's sentence would be more correctly pursued in a motion to vacate under 28 U.S.C. § 2255. Petitioner's initial pleading was filed in the District Court for the District of Columbia, ostensibly seeking § 2255 relief. However, that District Court construed Petitioner's application as one for relief under 28 U.S.C. § 2241, and transferred it to this Court.

Therefore, Respondent's motion for summary judgment is granted, Petitioner's motion for summary judgment is denied, and this matter is dismissed without prejudice due to failure to exhaust administrative remedies. *See Bryant v. Rich*, 530 F.3d 1368, 1375 n.11 (11th Cir. 2008) (noting that district court's dismissal without prejudice on summary judgment motion proper where "neither party has evidenced that administrative remedies at [the correctional facility] are absolutely time barred or otherwise clearly infeasible.").

**IT IS SO ORDERED.**

                                                                                        s/ Cameron McGowan Currie
                                                                                        CAMERON MCGOWAN CURRIE
                                                                                        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 1, 2011